# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

CHASE L.,
**Respondent Below, Petitioner**

**FILED**
**February 15, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-192** (Fam. Ct. Wood Cnty. No. FC-54-2015-D-95)

BRIANNE M.,
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Chase L.[1] appeals from the September 21, 2022, Final Order of the Family Court of Wood County that dismissed his petitions for modification of the parties' parenting plan. Respondent Brianne M. and the guardian ad litem each filed responses in support of the family court's order.[2] Chase L. filed a reply brief. On appeal, Chase L. asserts, inter alia, that the family court erred by dismissing his petitions for modification to the detriment of his relationship with the parties' child, H.L.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no abuse of discretion. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21(c) of the Rules of Appellate Procedure.

Chase L. and Brianne M. were formerly married and share a child, H.L. The parties were divorced on August 25, 2015. The final divorce order named Brianne M. as the residential parent and Chase L. was awarded unsupervised parenting time. Based on the record, it appears that between April 2020 and February 2022, Chase L. only had supervised visitation with H.L. after the family court modified the parties' parenting plan based on evidence of Chase L.'s mental health problems and instability. However, by agreed order entered by the family court on February 2, 2022, Chase L.'s prior unsupervised visitation was reinstated. Chase L. resides in Parkersburg, Wood County, West Virginia, and Brianne M. resides with the child in Kenna, Jackson County, West Virginia.

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last names by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] Chase L. is self-represented. Brianne M. is represented by Jessica E. Myers, Esq. Debra L. Steed, Esq. appeared as guardian ad litem for the parties' minor child, H.L.

Since February 2, 2022, Chase L. has filed a litany of pleadings with the family court as a self-represented litigant. On April 29, 2022, Chase L. filed a domestic violence petition against the husband of Brianne M. alleging abuse and/or neglect of H.L. The family court appointed a guardian ad litem for the child and ordered an investigation of the allegations. Chase L. also filed petitions for modification of the parties' parenting plan pursuant to West Virginia Code § 48-9-401(a) (2022),[3] citing a change in circumstances. Those petitions were filed on April 20, 2022, and May 12, 2022, respectively and raised allegations of the abuse and/or neglect of H.L. Around this same time, Chase L. also filed a contempt petition.[4]

Following a hearing on June 16, 2022,[5] the family court found the investigation did not substantiate the allegations of abuse and/or neglect. The family court denied Chase L.'s petitions for modification, dismissed his contempt petition, and dismissed the domestic violence petition. Notably, while those matters were pending, Chase L. also appealed the family court's February 2, 2022, order to circuit court on May 6, 2022, alleging similar grounds. The circuit court affirmed, finding Chase L. raised grounds that were not addressed by the family court's order, and even if they had been raised, such grounds were moot based on the parties' agreed order that was adopted by the family court.

The events giving rise to this instant appeal occurred shortly after the hearing on June 16, 2022. It was then that Chase L. filed another petition for modification along with a proposed parenting plan and an emergency motion related to custody of H.L. These

---

[3] The Court recognizes that this statute was recently amended, effective June 10, 2022, and that the former version (2001) was still in effect at the time those petitions for modification were filed. However, those amendments did not change the substance of subsection (a). The language of the current and former versions of West Virginia Code § 48-9-401(a) provide,

> [e]xcept as provided in § 48-9-402 or § 48-9-403, a court shall modify a parenting plan order if it finds, on the basis of facts that were not known or have arisen since the entry of the prior order and were not anticipated therein, that a substantial change has occurred in the circumstances of the child or of one or both parents and a modification is necessary to serve the best interests of the child.

[4] Although alluded to in the record on appeal, copies of the petitions for modification and contempt were not provided in any appendices filed herein.

[5] Brianne M.'s brief cites that this hearing was held on June 16, 2022, but the referenced order in her appendix reflects a hearing date of May 16, 2022, with an order entry date of September 16, 2022. Based upon review of other documents in the appendix record, it appears the correct date of the hearing was June 16, 2022.

pleadings again alleged the abuse and/or neglect of H.L. He also filed a contempt petition and motion to compel against the guardian ad litem. In response, Brianne M. filed her own emergency motion. An expedited hearing was held on July 19, 2022. At that time, the family court denied Chase L.'s request for emergency custody, directed that H.L. undergo a forensic interview, and ordered that Chase L. undergo a parental fitness evaluation. A final hearing was set for August 29, 2022. Also on June 16, 2022, Chase L. appealed to circuit court, the family court's denial of the domestic violence petition. The circuit court refused that appeal on September 12, 2022.

On August 29, 2022, the family court found that based on the guardian ad litem's investigation and H.L.'s forensic interview, there was no evidence that the child had been abused and/or neglected. The family court dismissed Chase L.'s petition for modification finding that he had failed to establish a substantial change in circumstances. It further found that any increase in Chase L.'s parenting time would be contrary to H.L.'s best interest given the child's school schedule, the distance between the parties, and Chase L.'s lack of transportation. Also dismissed were Chase L.'s contempt petition and motion to compel against the guardian ad litem, and the nondescript ex parte motion was denied.[6] The family court entered its order on September 21, 2022, and this appeal followed.

Based on his brief to this Court, it appears that Chase L.'s only challenge on appeal rests on the family court's denial of his petition for modification of the parenting plan. In support, Chase L. makes several overarching arguments. First, he contends the family court is exhibiting prejudice by profiling him through references to his mental health treatment during hearings, in violation of the Americans with Disabilities Act. Second, he asserts that the family court and guardian ad litem are committing abuse and/or neglect on H.L. by dismissing his repeated allegations against Brianne M., whom he views is an unfit parent. Third, he believes that because he obtained a vehicle after the August 29, 2022, hearing but prior to entry of the order, the family court was required to find a substantial change in circumstances had occurred.

When considering such appeals, we are guided by the following standard of review,

> "[i]n reviewing a final order entered by a circuit court judge upon review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

---

[6] Again, although alluded to in the record on appeal, neither copies, nor the filing dates of the petitions for modification, petition for contempt, motion to compel, and ex parte motion were provided in any appendices filed herein.

*Amanda C. v. Christopher P.*, No. 22-IA-2, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17098574, at \*3 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

Upon review, we find no error. Chase L.'s arguments have failed to establish clear error or an abuse of discretion by the family court. His brief merely consists of numerous excerpts from various family court hearings between February 29, 2021, and August 29, 2022, and self-serving statements relating to his displeasure with the proceedings below, coupled with allegations of abuse and neglect that have repeatedly been found to be unsubstantiated. Chase L. also fails to cite any statutory authority or precedent to support his arguments as required by Rule 10 of our Rules of Appellate Procedure. As such, we find no basis in law to warrant relief.

Accordingly, we affirm the family court's September 21, 2022, order.[7]

Affirmed.

**ISSUED:** February 15, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

---

[7] In her brief, the guardian ad litem requested this Court to remand this matter to the family court for the sole purpose of entering an order directing Chase L. to compensate her a sum of $500 for her services. However, we decline to do so. The September 21, 2022, order does not address this issue and therefore it is outside the scope of this appellate review.